## STATE COURT OF APPEALS—Continued

### No. 580
### DYKES v. INDUSTRIAL COM.
Ohio Appeals. 9th Dist., Summit County
No. 375. Decided May 29, 1924.

1283. WORKMEN'S COMPENSATION—(1.) Decision of Industrial Commission held to be based upon the sufficiency of the award in instant case, and not based on jurisdictional facts.

2. Where a denial of compensation by the Industrial Commission is based upon opinion that claimant has been sufficiently compensated, and not on some jurisdictional ground, no appeal to the court lies.

PARDEE, J.          Epitomized Opinion
Published Only in Ohio Law Abstract

Dykes, an employee of the Kelly-Springfield Tire Company of Akron, sustained an injury while in the employ of said Company. He made application to the Industrial Commission of Ohio, which application was allowed. The Industrial Commission found all the jurisdictional facts in favor of said plaintiff. The plaintiff was paid compensation from August 1918 to January 1921 when his compensation was discontinued. Thereafter he made application to Commission for aditional compensation and for a re-hearing. In December, 1922 h's claim for further compensation came on for hearing before the Commission, the question being claimant's right to aditional compensation and on said date a finding was made that no additional compensation award be made. Plaintiff prosecuted an appeal to the Common Pleas Court. At the close of plaintiff's case the case was arrested from the jury by the trial judge. Plaintiff prosecuted error to the Court of Appeals. In sustaining the judgment of the lower court, the Court of Appeals held:

1. As the record showed conclusively that the plaintiff was denied the right further to participate in the fund and receive additional compensation therefrom because he had, in the judgment of the Commission, been fully paid for the inpairment of his income which he suffered as a result of the accident.

2. When the Industrial Commission of Ohio once takes jurisdiction of a claim and finds all of the jurisdictional facts in favor of the claimant, allowing him compensation and continuing to allow him compensation from time to time, and finally upon a rehearing makes an order that he is not entitled to further compensation, the claimant is denied further compensation, not because the commission finds there is a lack of jurisdictional facts, but because in the jjudgement of the commission the claimant has been adequately compensated from the injjury he received from the acc'dent.

Attorneys—Smoyer, Clinedinst & Smoyer, Akron, for Dykes; C. C. Crabbe, Atty. Gen., Columbus, for Commission.

### No. 581
### CINCINNATN TRAC. CO. v. FELDMAN
Ohio Appeals, 1st Dist., Hamilton County
No. 2290. Decided Jan. 7, 1924

480. NEGLIGENCE—Proof of value of the use of a car during the time owner was deprived of the use by the injury to it, by company's negligence.

CUSHING, J.          Epitomized Opinion
Published Only in Ohio Law Abstract

Feldcamp brought an action in the Cincinnati Superior Court against the Cincinnati Traction Co. to recover damage to his automobile, caused by the negligence of the company, claiming to recover the reasonable cost of the repairs, and for the loss of the use of his car for six weeks. Feldcamp was operating a taxicab business, and the only evidence offered in the trial court of the value of the use of the car was its gross earnings per day when itt was in use.

On the question as to the value of the use of the car, the Court of Appeals held the proper rule to be that when a person is deprived of the use of valuable property, his damages are the expense of hiring the property which he is forced to substitute for it, citing the case of Mayor v. Cohen, 12 QA. 134. As there was no testimony offered in the trial court as to whether or not there were cars in the market for hire, and as the court erroneously instructed the jury that the value of the time during which the use of the car was lost was to be determined upon the bases of the reasonable value of the use of a similar automobile in the city at or about the time when the collision occurred, the Court of Appeals reversed the judgmentt of the Superior Court, and remanded the case for a new trial.

Attorneys—John M. McCaslin, for Traction Co; Edwin G. Becker, for Feldcamp; all of Cincinnati.

### No. 582
### WICKER v. KENNEY
Ohio Appeals, 1st Dist., Hamilton County
No. 2322. Decided Jan. 7, 1924

480. EVIDENCE—Admission by defendant of his ownership of the automobile inflicting an injury held admissible.

This action was began in the Hamilton Common Pleas, to recover damages for personal injury. The petition charged that Wicker owned and operated an automobile, and that his negligence caused the accident and injury. The answer denied the ownership; that the accident happened; and that he

was negligent. The issues made by the pleadings were: Did he own the automobile? And, was he guilty of negligence? The court permitted Kenney to testify that Wicker called upon her and said he was the man that hit the little girl, and made the remark that he didn't care, that he claimed insurance.

Wicker made a motion for an instructed verdict, because of the lack of evidence of his ownership of the automobile. The court overruled the motion, and a verdict was returned against Wicker, who prosecuted error in this case to reverse the judgment. The court of Appeals held it to be the general rule of evidence that declarations of a party to an action against interest may be offered in evidence, and this is true, even though the statement contains some element that otherwise would not be admissible in evidence; and that the statement made to Kenney by Wicker was competent evidence. In the case of Goz v. Fenner, 104 OS. 500, defendant denied the ownership of the automobile and that it was being operated in the usual course of his business at the time of the happening of the accident. The court therein held that plaintiff could call witnesses to testify to a statement made by defendant to an insurance company to prove the allegations made by the pleadings. .

From the record in this case and an examination of the Goz case, the Court of Appeals concluded that the facts in this case bring it within the rule above stated, and that the judgment should be affirmed.

Attorneys — Jackson & Woodward, for Wicker; Crossley & Rogers, for Kenney; all of Cincinnati.

---

No. 583

INDUSTRIAL COM. v. RUDISALL

Ohio Appeals, 1st Dist., Hamilton County
No. 2291. Decided Jan. 14, 1924

1283. WORKMAN'S COMPENSATION — Jurisdiction of Common Pleas to hear an appeal where pleading fails to allege temporary award—Effect of words, "or to continue to participate," amended into 1465 GC.

HAMILTON, J.                Epitomized Opinion
Published Only in Ohio Law Abstract

This case was an appeal from the Hamilton Common Pleas from an order rejecting and disallowing compensation under the Workmen's Act, for injuries claimed to have been received by Rudisall in the course of his employment.

The petition on appeal contains the necessary allegations—the final rejection and al-

lowance of the claim, and that the appeal was filed within 30 days from the notice of disallowance. . The answer of the Commission admits the making of the application for compensation, the final disallowance of the claim, and notice thereof to Rudisall. He received a verdict of $1,200 and interest, for which an attorney fees judgment was entered.

The Commission prosecuted error to the Appeals, on the grounds:

1. That the Court of Common Pleas had no jurisdiction to hear the appeal.

2. That the verdict of the jury was contrary to law, in that it provided for recovery of a lump sum, instead of weekly payments.

The argument was presented that under the Code there must be a denial of the rights of claimant to participate at all in the insurance fund.

It was claimed that there was a temporary allowance of $49.29, which was refused by Rudisall; that by reason of this temporary allowance he was denied the right to participate in the fund. The only evidence of the award of this sum is shown by the records of the commission filed in the case. Under the pleadings this temporary award was not entitled to be submitted to the jury. There was no request to amend the pleadings, to conform to the evidence, if this temporary award was provable. Moreover, 1465 GC. has been amended to include the words "or to continue to participate." So that, if there was a participation within the meaning of the section as it originally read, the amendment would permit of the appeal, since the rejection of the application would at least go to the extent of refusing the claimant the right to continue to participate.

The other question goes only to the statutory inaccuracies of the verdict and judgment. The injury proved was the loss of an eye. The statute recites the amount of the award and the method of payment. The judgment will be modified to conform to its provisions in that regard. As thus modified the judgment will be affirmed.

Attorneys—Charles S. Bell, Pros. Atty., Louis Schneider, Asst.., for Commission; Fred. Niederhelman and Thomas L. Michie, for Rudisall. All of Cincinnati. .

---

No. 584
TIGNER v. TIGNER
Ohio Appeals, Hamilton County
No. 2379. Nov. 26, 1923.

413. DIVORCE—Age of majority act which took effect July 18, 1923, had no effect upon